UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 2 3 2006
MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | |
| ) | H - 06 - 3335 |
| 2121 KIRBY DRIVE, UNIT 33, ) | |
| HOUSTON, TX., ) | |
| ) | |
| ASSETS OF KLL & LPL ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| $22,680 in BANK OF AMERICA ) | |
| ACCOUNT No. 0026-6253-0707 ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through the United States Department of Justice and its undersigned counsel, brings this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property:

   (a) 2121 Kirby Drive, Unit 33, Houston, TX., known more particularly as: Real property, together with its appurtenances, improvements, fixtures, attachments and easements, located at 2121 Kirby Drive, Residential Unit 33, 33rd Floor, Houston, Texas 77019, more particularly described as a condominium apartment unit and an individual interest in the common elements located in and being a part of the Huntingdon, a Condominium regime in Harris County, Texas (Defendant Real Property); and

   (b) The assets of KLL & LPL Investments, Ltd. (Defendant Investment Partnership

Property)

(c)   $22,680.14 in Bank of America Account Number 0026-6253-0707 (Defendant Bank Account)

2.   The defendant Real Property is located in the Southern District of Texas. Defendant Investment Partnership maintains its principal office in the Southern District of Texas and maintains assets in the Southern District of Texas. Defendant Bank Account is also located in the Southern District of Texas. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331, 1345 and 1355. Venue is properly in this district under 28 U.S.C. §§ 1391 and 1395 and 18 U.S.C. § 981(h).

3.   This is a civil forfeiture action in rem brought pursuant to 18 U.S.C. § 983 to enforce 18 U.S.C. §§ 981(a)(1)(A) and (C). Title 18, United States Code, Section 981(a)(1)(C) provides that any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" is subject to forfeiture to the United States. Pursuant to 18 U.S.C. §§ 1956(c)(7) and 1961(1), fraud in the sale of securities, wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to violate these statutes in violation of 18 USC § 371 constitute "specified unlawful activity" for purposes of 18 U.S.C. § 981(a)(1)(C).

4.   In addition, 18 U.S.C. § 981(a)(1)(A) provides that any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property, is subject to forfeiture to the United States.

5.   In particular, the United States alleges that the defendant properties are subject to forfeiture because they were obtained, directly or indirectly, as the result of the commission of

the offense giving rise to forfeiture, or traceable thereto, namely fraud in the sale of securities in violation of 15 U.S.C. §§ 78j(b) and 78ff, wire fraud in violation of 18 U.S.C. § 1343, conspiracy to commit securities fraud under 18 U.S.C. § 371, and because the defendant real property constitutes property involved in money laundering in violation of 18 U.S.C. § 1957.

6A. The defendant Real Property constitutes property involved in money laundering offenses, namely a transaction or transactions, or attempted transactions, of proceeds derived from specified unlawful activity in excess of $10,000, or property traceable to such property involved in money laundering violations and is thus liable to condemnation and forfeiture to the United States for its use, in accordance with 18 U.S.C. § 1981(a)(1)(A).

6B. $2,502,320 of the value of defendant Real Property is subject to forfeiture because it constitutes proceeds obtained, directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, namely fraud in the sale of securities in violation of 15 U.S.C. §§ 78j(b) and 78ff, wire fraud in violation of 18 U.S.C. § 1343, conspiracy to commit securities fraud under 18 U.S.C. § 371, or property traceable thereto.

7. $10,170,149 of the defendant partnership is property subjected to forfeiture because it constitutes proceeds obtained, directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, namely fraud in the sale of securities in violation of 15 U.S.C. §§ 78j(b) and 78ff, wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to commit securities fraud under 18 U.S.C. § 371, or property traceable thereto. In addition, any return or earnings on the partnership assets subject to forfeiture is also forfeitable as property traceable to proceeds.

8. $22,680.14 in Bank of America Account No. 0026-6253-0707 is subject to

forfeiture because it constitutes proceeds obtained, directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, namely fraud in the sale of securities in violation of 15 U.S.C. §§ 78j(b) and 78ff, wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to commit securities fraud under 18 U.S.C. § 371, or property traceable thereto. In addition, any return or earnings on the amount subject to forfeiture would also be subject to forfeiture as property traceable to proceeds.

9. As evidence in support of these allegations, the United States respectfully refers the Court to the Affidavit of Federal Bureau of Investigation Special Agent Chad Nunez (Attachment A), which is specifically incorporated herein and attached hereto.

10. The United States respectfully demands a trial by jury as to all questions of fact.

11. The United States does not request authority from the Court to seize the real property defendant at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

(a) Post notice of this action and a copy of the Complaint on the defendant real property, and

(b) Serve notice of this action on the defendant real property owner, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint, and

(c) Execute a writ of entry for purposes of conducting an inspection and inventory of the property, and

(d) File a lis pendens in county records of the defendant real property's status as a defendant in this in rem action.

WHEREFORE, the plaintiff respectfully asserts that there is reasonable cause to believe that the United States will prove that the defendant real property is forfeitable to the United States under 18 U.S.C. § 981(a)(1)(A) and (C); and requests

(a)  That, pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture," the Court issue the proposed Writ of Entry attached to this Complaint authorizing the United States Marshals Service, or its delegate, to enter the defendant real property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

    i. for the purpose of conducting an inspection and inventory and appraisal of the defendant real property, which inspection and inventory and appraisal may include still and video photography; and

    ii. to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the defendant real property pursuant to 19 U.S.C. § 1606; and

    iii. to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the defendant real property; and

    iv. to be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry;

(b)  That the Court decree that the forfeiture of the defendant real property to the United States under 18 U.S.C. § 981(a)(1)(A) is confirmed, enforced, and ordered;

(c) That the Court thereafter order that the United States Marshal, or his delegate, dispose of the defendant as provided by law; and

WHEREFORE, the plaintiff, the United States, respectfully asserts that there is reasonable cause to believe that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), the United States will prove that $22,680 of the defendant Account No. 0026-6253-0707, and any earnings or return thereon, is subject to forfeiture; and requests:

(a) That, pursuant to 18 U.S.C. § 983(j)(1)(A), the Court enter a restraining order enjoining the withdrawal, distribution or other alienation of $22,680.14 located within Account No. 0026-6253-0707 during the pendancy of this action;

(b) That a Judgment of Forfeiture be entered against the defendant in the amount of $22,680.14, and any earnings or return thereon;

(c) That, after entry of a Judgment of Forfeiture against the defendant Investment Partnership property, the Court issue an Order for the seizure and detention of the defendant property by the United States Marshal, or his delegate, and for the application of the proceeds to public use as provided by applicable laws and regulations; and

WHEREFORE, the plaintiff, the United States, respectfully asserts that there is reasonable cause to believe that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), the United States will prove that $10,170,149 of the defendant partnership property, and any earnings or return thereon, is subject to forfeiture; and requests:

(a) That, pursuant to 18 U.S.C. § 983(j)(1)(A), the Court enter a restraining order enjoining the withdrawal, distribution or other alienation of assets out of the partnership during the pendancy of this action;

(b) That a Judgment of Forfeiture be entered against the defendant Investment Partnership property in the amount of $10,170,149, and any earnings or return thereon;

(c) That, after entry of a Judgment of Forfeiture against the defendant Investment Partnership property, the Court issue an Order for the seizure and detention of the defendant property by the United States Marshal, or his delegate, and for the application of the proceeds from that sale to public use as provided by applicable laws and regulations;

(d) That the United States recover the costs of this action, including costs of seizure, detention, and sale of the defendant property; and

(e) That the United States be granted all other relief to which it is entitled.

Respectfully submitted,

SEAN M. BERKOWITZ
Director, Enron Task Force

By: _____
PATRICK. T. MURPHY
Trial Attorney
U.S. Department of Justice
10th St. & Constitution Ave., N.W.
Criminal Division
Asset Forfeiture and
  Money Laundering Section
Bond Building
Washington, D.C. 20530
Phone: (202) 514-1263
Fax (202) 514-5522

Dated: October 23, 2006

## VERIFICATION

I, Chad Nunez, Special Agent, Federal Bureau of Investigation, Houston, Texas, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, that the foregoing Amended Complaint of Forfeiture in Rem is based upon reports and information furnished to me from Special Agents of the FBI and the Internal Revenue Service, federal grand jury subpoenas, and public records searches, and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this 23 day of October, 2006.

Chad Nunez
Special Agent
Federal Bureau of Investigation

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2006, I caused a true and correct copy of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served by electronic mail upon the following counsel:

Ronald G. Woods
5300 Memorial, Suite 1000
Houston, TX 77007
(713) 862-9600
RonWoodsLaw@aol.com

Michael Ramsey
Chip B. Lewis
River Oaks/Welch Building
2120 Welch
Houston, TX 77019
(712) 523-7878
mramsey@mramsey-lawyer.com

Samuel J Buffone
Ropps & Gray, LLP
One Metro Center
700 12th Street, NW
Suite 900
Washington, DC 20005
Samuel.buffone@roppsgray.com