# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2121 KIRBY DRIVE, UNIT 33, | ) | Civil Case No. H-06-3335 |
| HOUSTON, TX, | ) | |
| | ) | |
| ASSETS OF KLL & LPL | ) | |
| INVESTMENTS, LTD., | ) | |
| | ) | |
| $22,680 in BANK OF AMERICA | ) | |
| ACCOUNT No. 0026-6253-0707 | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S OPPOSITION TO CLAIMANT'S MOTION TO DISMISS

STEVEN A. TYRRELL
Chief, Fraud Section

PATRICK T. MURPHY
Trial Attorney
U.S. Department of Justice
10th St. & Constitution Ave., N.W.
Criminal Division
Asset Forfeiture and
  Money Laundering Section
Bond Building
Washington, D.C. 20530
Telephone: (202) 514-1263
Facsimile:  (202) 616-2547

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    THE GOVERNMENT'S PLEADINGS FULLY COMPLY WITH THE
      REQUIREMENTS FOR FILING A CIVIL FORFEITURE COMPLAINT . . . . . . . . . . 5

      A.    The Requirements Of CAFRA And Supplemental Rule G(2)(f) . . . . . . . . . . . . . 5

      B.    The Rule 12(b)(6) Standard Does Not Alter The
            Relevant Analysis Under Supplemental Rule G . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.    The Affidavit Is Incorporated Properly Into The
            Complaint Pursuant To Supplemental Rule G(2)(f) . . . . . . . . . . . . . . . . . . . . . . 9

      D.    The Complaint And Incorporated Affidavit Are Sufficiently
            Detailed To Support A Reasonable Belief That The Government
            Will Meet Its Burden Of Proof At Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

II.   THE GOVERNMENT'S PLEADINGS ARE SUFFICIENTLY DETAILED
      TO SUPPORT A REASONABLE BELIEF THAT DEFENDANT REAL
      PROPERTY IS FORFEITABLE IN ITS ENTIRETY AS PROPERTY
      "INVOLVED IN" 18 U.S.C. § 1957 MONEY LAUNDERING . . . . . . . . . . . . . . . . . . 15

      A.    Claimant Incorrectly States The Standard Under 18 U.S.C. § 1957 . . . . . . . . . . 15

      B.    The Government's Allegations Are Sufficiently Detailed And Support A
            Reasonable Belief That It Will Meet Its Burden Of Proof At Trial . . . . . . . . . . 18

III.  THE ABATEMENT DOCTRINE HAS NO
      RELEVANCE TO THIS CIVIL FORFEITURE ACTION . . . . . . . . . . . . . . . . . . . . . . 21


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**TABLE OF AUTHORITIES**

**CASES**

Hall v. Thomas,
190 F.3d 693 (5th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Mahone v. Addicks Utility District of Harris County,
836 F.2d 921 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Scanlan v. Texas A&M University,
343 F.3d 533 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

United States v. $21,000 in United States Postal Money Orders,
298 F. Supp. 2d 597 (E.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

United States v. $49,000 in United States Currency and/or Coin,
194 F. Supp. 2d 576 (E.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. $49,000 Currency,
330 F.3d 371 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 19

United States v. $50,040 in United States Currency,
2007 WL 1176631 (N.D. Cal. Apr. 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

United States v. $84,740.00 Currency,
981 F.2d 1110 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

United States v. $109,086.00 in United States Currency,
2005 WL 1923613 (S.D. Tex. Aug. 10, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. $242,484.00,
389 F.3d 1149 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. $482,627.00 in U.S. Currency,
2005 WL 1140603 (W.D. Tex. May 16, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. All Funds on Deposit at Dime Sav. Bank of Williamsburg
Acct. No. 58-400738-1,
255 F. Supp. 2d 56 (E.D.N.Y 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Allen,
129 F.3d 1159 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
United States v. Brown,

186 F.3d 661 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Caldwell,
302 F.3d 399 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Curry,
461 F.3d 452 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Estate of Parsons,
367 F.3d 409 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

United States v. Four Contiguous Parcels,
191 F.3d 461 (Table), 1999 WL 701914 (6th Cir. Sept. 1, 1999) . . . . . . . . . . . . . . . . . . . . . 16

United States v. Johnson,
440 F.3d 1286 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

United States v. Kennedy,
201 F.3d 1324 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Lay,
456 F. Supp. 2d 869 (S.D. Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

United States v. Loe,
49 F. Supp. 2d 514 (E.D. Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Lopez-Burgos,
435  F.3d 1 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 18

United States v. Mondragon,
313 F.3d 862 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 19

United States v. One 1987 Mercedes Benz 300E,
820 F. Supp. 248 (E.D. Va. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Parcels of Land,
903 F.2d 36 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Premises Known as 3 Jade Lane,
1995 WL 580072 (E.D. Pa. Sept. 28, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Premises of Real Property at 4492 South Livonia Road,
889 F.2d 1258 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

-iii-

United States v. Real Property Identified as Parcel 03179-005R,
  311 F. Supp. 2d 126 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

United States v. Real Property Known as 1700 Duncanville Road,
  90 F. Supp. 2d 737 (N.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 17-18

United States v. Real Property Located at 5208 Franciscos Way,
  385 F.3d 1187 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 18

United States v. Reiner,
  397 F. Supp. 2d 101 (D. Me. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Rutgard,
  116 F.3d 1270 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Schumann,
  861 F.2d 1234 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

United States v. Tencer,
  107 F.3d 1120 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## FEDERAL STATUTES AND RULES

15 U.S.C. § 78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13-14

15 U.S.C. § 78ff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13-14

18 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

18 U.S.C. § 1957 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

18 U.S.C. § 981(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 981(a)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 981(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 981(a)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 981(a)(3)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 21

18 U.S.C. § 983(a)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 983(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 19

18 U.S.C. § 983(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 983(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 983(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Supp. R. Admiralty or Maritime Claims R. G(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Supp. R. Admiralty or Maritime Claims R. G(2)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Supp. R. Admiralty or Maritime Claims R. G(2)(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Supp. R. Admiralty or Maritime Claims R. G(8)(b)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Supp. R. Admiralty or Maritime Claims R. G(8)(b)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## ADDITIONAL AUTHORITIES

Order of the Supreme Court of the United States,
2006 US ORDER 20 (April 12, 2006) (avail. on Westlaw) . . . . . . . . . . . . . . . . . . . . . . . . 6

Advisory Comm. Notes on Supp. R. Admiralty or Maritime Claims R. G(2) . . . . . . . . . . . . . . 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2121 KIRBY DRIVE, UNIT 33, | ) | Civil Case No. H-06-3335 |
| HOUSTON, TX, | ) | |
| | ) | |
| ASSETS OF KLL & LPL | ) | |
| INVESTMENTS, LTD., | ) | |
| | ) | |
| $22,680 in BANK OF AMERICA | ) | |
| ACCOUNT No. 0026-6253-0707 | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO CLAIMANT'S MOTION TO DISMISS**

  The United States of America, by and through the United States Department of Justice and its undersigned counsel, respectfully submits this Opposition to Claimant's Motion to Dismiss and requests the Court to deny Claimant's Motion in its entirety.  A proposed Order denying Claimant's motion to dismiss is attached.

## BACKGROUND

Following a lengthy investigation[1] into the collapse of Enron, its former Chief Executive Officer, Kenneth L. Lay, was indicted for, inter alia, conspiracy to commit securities and wire fraud, in violation of 18 U.S.C. § 371, and wire fraud and securities fraud in violation of 18 U.S.C. § 1343, and 15 U.S.C. §§ 78j(b), 78ff.  Mr. Lay was convicted on all counts on May 25, 2006, and faced the forfeiture of tens of millions of dollars as a result.  On June 5, 2006, Mr. Lay died, and his conviction was subsequently vacated pursuant to the doctrine of abatement.  See United States v. Lay, 456 F. Supp. 2d 869 (S.D. Tex. 2006).  Mr. Lay's death necessitated the filing of the instant civil forfeiture action to effect forfeiture of traceable criminal proceeds and property involved in money laundering in order to compensate the victims of fraud at Enron. The Government filed its verified complaint in rem ("Complaint") and incorporated affidavit ("Affidavit") on October 23, 2006.

The Government's Complaint seeks civil forfeiture of the entirety of 2121 Kirby Drive, Unit 33 ("defendant Real Property"), pursuant to 18 U.S.C. § 981(a)(1)(A), as property "involved in" 18 U.S.C. § 1957 money laundering.  Compl. ¶¶ 4, 5, 6A. The Government's Complaint also seeks civil forfeiture of $2,502,320 of the value of defendant Real Property; $10,170,149 of the assets of KLL & LPL Investments, Ltd. ("defendant Partnership"); and $22,680.14 in Bank of America Account No. 0026-6253-0707 ("defendant Bank Account") pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds traceable to a violation of any offense constituting a specified unlawful activity.  Compl. ¶¶ 3, 5, 6B, 7, 8.

---

[1] To date, criminal charges have been brought against 36 defendants, including 25 former Enron employees.  Eighteen of these defendants have pleaded guilty or been found guilty.

An Affidavit of Federal Bureau of Investigation Special Agent Chad Nunez ("Affidavit"), which detailed relevant facts supporting the Complaint, was filed with and specifically incorporated into the Complaint. Compl. ¶ 9. The Affidavit extensively details the investigation into the collapse of Enron, facts uncovered during the course of the investigation, Mr. Lay's involvement in the conspiracy, and how those facts, taken together, provide the basis for the civil forfeiture allegations contained in the Complaint.

On April 16, 2007, Linda P. Lay ("Claimant") filed a Verified Claim and Statement of Interest with respect to the defendant properties.

On May 18, 2007, Claimant filed the instant motion to dismiss the Government's Complaint, or, in the alternative, to dismiss the claim to forfeiture of more than $2,502,320 of the value of defendant Real Property. Claimant argues that the Government has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failed to meet the particularity requirement Rules G(2)(f) and E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Mot. at 1.

## SUMMARY OF THE ARGUMENT

Claimant's attempt to challenge the sufficiency of the Government's Complaint and incorporated Affidavit is without merit. The Government is not required to set forth all facts supporting the forfeiture in the Complaint itself; rather, the Complaint must simply "state sufficiently detailed facts to support a reasonable belief that [it] will be able to meet its burden of proof at trial." Supplemental Rule G(2)(f). The Government's pleadings unequivocally meet this standard.

It is entirely proper for the Government to use an incorporated affidavit to help satisfy this "reasonable belief" requirement.  The adoption of Rule G did nothing to change existing law under former Rule E(2) permitting the incorporation of affidavits into the complaint for this very purpose.  Further, the abatement of Mr. Lay's criminal conviction does not go so far as to require the Government to ignore facts it uncovered during the lengthy investigation into the collapse of Enron; nor is the Court so required.  Indeed, facts remain facts regardless of the legal effect of Mr. Lay's conviction, and the abatement doctrine does not prevent the Government from re-alleging those facts in its civil Complaint and re-prove them at trial.

It is equally baseless for Claimant to argue that, at the very least, the Court should dismiss the claim that the defendant Real Property is itself subject to forfeiture as property "involved in" money laundering in violation of 18 U.S.C. § 1957.  While attacking the sufficiency of the Government's pleadings under Rule G(2)(f), Claimant misstates the Section 1957 standard, thereby confusing the issue.  Claimant ignores the fact that Section 1957 is simply a "money spending statute."  It is a felony to engage in a financial transaction involving proceeds of one or more of the many specified unlawful activities in an amount greater than $10,000.  Under the "involved in" theory of forfeiture, property is forfeitable in its entirety where it was itself either the subject or the object of the transaction.  Whether untainted funds may have also been used for its purchase is irrelevant.  All the Government's pleadings must do at this stage is support a reasonable belief that it will be able to prove defendant Real Property's "involvement in" Section 1957 money laundering at trial.  The Government's pleadings undeniably meet this requirement.

## ARGUMENT

I. **THE GOVERNMENT'S PLEADINGS FULLY COMPLY WITH THE REQUIREMENTS FOR FILING A CIVIL FORFEITURE COMPLAINT**

### A. The Requirements Of CAFRA And Supplemental Rule G(2)(f)

The Civil Asset Forfeiture Reform Act ("CAFRA") took effect on August 2000. One of the many reforms, additions, and changes that resulted was an increase in the Government's burden of proof at trial from mere probable cause to a preponderance of the evidence that the property is subject to forfeiture.[2] 18 U.S.C. § 983(c)(1); United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004) ("CAFRA 'transferred the burden of proof from the claimant to the government and required the government to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard.'") (citation omitted). Section 983(c) transferred the burden of proof to the Government; it did not, as Claimant suggests, create a presumption of innocence as to defendant property in civil forfeiture cases. Mot. at 11. There is no presumption either way. The Government bears the burden of proving forfeitability, 18 U.S.C. § 983(c)(1), while a claimant bears the burden of proof on the affirmative defense of innocent ownership. 18 U.S.C. § 983(d)(1).

While increasing the Government's trial burden, CAFRA compensated for this increase by relaxing the Government's pleading requirements. See United States v. Lopez-Burgos, 435

---

[2] Pre-CAFRA, the Government was only required to show there was probable cause for forfeiture. The burden then shifted to the claimant to establish by a preponderance of evidence that the property was not subject to forfeiture. See, e.g., United States v. Real Property Known as 1700 Duncanville Rd., 90 F. Supp. 2d 737, 741 (N.D. Tex. 2000), aff'd, 250 F.3d 738 (5th Cir. 2001) (Table).

F.3d 1, 2-3 (1st Cir. 2006) (discussing CAFRA's effect on Government's burden at trial and pleading requirements).  It did so by establishing that a complaint may not be dismissed simply because the Government did not have sufficient evidence to establish forfeitability when the complaint was filed.  See 18 U.S.C. § 983(a)(3)(D).  Rather, the Government may use evidence gathered after filing the complaint to establish at trial that the property is subject to forfeiture. 18 U.S.C. § 983(c)(2); United States v. $482,627.00 in U.S. Currency, 2005 WL 1140603, at *3 (W.D. Tex. May 16, 2005) (Government may attempt to establish forfeitability of property with evidence gathered through post-complaint discovery).  Therefore, the Government "no longer must plead facts sufficient to establish probable cause to forfeit," Lopez-Burgos, 435 F.3d at 2; its pleadings are required only to satisfy the requirements of Rule G(2)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  18 U.S.C. § 983(a)(3)(A).

Supplemental Rule G took effect on December 1, 2006, and "govern[s] in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."[3]  Order of the Supreme Court, 2006 US ORDER 20 (April 12, 2006).  Pursuant to Rule G, the Government must "identify the statute under which the forfeiture action is brought," and "state sufficiently detailed facts to support a reasonable belief that [it] will be able to meet its burden of proof at trial."  Supplemental Rule G(2)(e), (f).  Contrary to Claimant's assertion, Rule G's "reasonable belief" standard is not a "still greater burden" than the particularity requirement

---

[3] The Government's Complaint and Affidavit were filed on October 23, 2006, in compliance with then-effective Supplemental Rule C, as well as Supplemental Rule G.

found in Rule E(2)(a).  Mot. at 8.  Rather, it is simply a codification of that standard, as the

Advisory Committee Notes on Rule G(2) articulate:

> Rule E(2)(a) requires that the complaint in an admiralty action "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Application of this standard to civil forfeiture actions has evolved to the standard stated in subdivision (2)(f).  The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.  *See U.S. v. Mondragon*, 313 F.3d 862 (4th Cir. 2002).  Subdivision (2)(f) carries this forfeiture case law forward without change.

Advisory Comm. Notes on Supplemental Rule G(2).

Importantly, Rule G does not require the Government to set forth all facts supporting the

forfeiture in the complaint itself; rather, the pleading requirement of Rule G(2)(f) merely

describes the minimal facts the Government must plead before it can conduct discovery or

require Claimant to file a responsive pleading.  See United States v. $109,086.00 in United

States Currency, 2005 WL 1923613, at *3 (S.D. Tex. Aug. 10, 2005) (analyzing pleading

requirements under former Rule E(2)) (citing United States v. $49,000 Currency, 330 F.3d 371,

376 n.8 (5th Cir. 2003); see also 5208 Los Franciscos Way, 385 F.3d at 1193 (stating that if the

Government had to establish the preponderance standard in its pleadings, then § 983(c)(2),

permitting the Government to rely on evidence gathered after the filing of the complaint, would

be meaningless).  The test to determine whether the particularity standard is met by the pleadings

is not whether the Government will prevail at trial, but whether the facts set forth in the

complaint support a reasonable belief that it will be able to do so when the time comes.

Supplemental Rule G(2)(f); United States v. $50,040 in United States Currency, 2007 WL

1176631, at * 4 (N.D. Cal. Apr. 20, 2007) ("At the pleadings stage, there need only be a reasonable belief that the government can meet [its burden of proof at trial] for the civil forfeiture complaint to be sufficient.").

> **B.    The Rule 12(b)(6) Standard Does Not Alter The
> Relevant Analysis Under Supplemental Rule G**

A motion to dismiss an *in rem* forfeiture action is governed by Rule G(8) of the Supplemental Rules.  Rule G(8)(b)(i) provides that a claimant may move to dismiss the action under Rule 12(b) of the Federal Rules of Civil Procedure.  Supplemental Rule G(8)(b)(i).  A complaint may not be dismissed on the ground that the Government did not have sufficient evidence at the time of filing its Complaint to establish forfeitability; its sufficiency is governed by Rule G(2).  Supplemental Rule G(8)(b)(ii); 18 U.S.C. § 983(a)(3)(D).  As explained above, all that Rule G(2)(f) requires is that the "complaint state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial."  Supplemental Rule G(2)(f).

Claimant has moved to dismiss the Government's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6); Mot. at 1.  The Court can grant a 12(b)(6) motion to dismiss only if the Government failed to meet the pleading requirements of Supplemental Rule G(2).  See Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003) ("The court can grant a 12(b)(6) motion to dismiss only if it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim that would entitle him to relief.").  Accordingly, the Fifth Circuit has consistently disfavored dismissal under Rule 12(b)(6), which is appropriate only in rare circumstances.  Id. (citing Hall v. Thomas, 190 F.3d 693, 696 (5th Cir.1999); Mahone v.

-8-

Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988)).  In determining

whether to grant a motion to dismiss, the Court must accept all well-pleaded facts as true,

viewing those facts in a light most favorable to the Government.  Scanlan, 343 F.3d at 536

(citations omitted).

### C.    The Affidavit Is Incorporated Properly Into The Complaint Pursuant To Supplemental Rule G(2)(f)

Claimant proposes that the standard in Rule G(2)(f) must be met by the Complaint itself,

without support of an incorporated affidavit.  Mot. at 15.  Additionally, Claimant argues that the

Government may not rely upon facts alleged in the criminal indictment because Mr. Lay's

conviction was abated.  Mot. at 20-21.  These arguments are without merit.

Claimant devotes several pages to the notion that an incorporated affidavit fails to satisfy

the pleading requirements of Supplemental Rule G(2)(f).  Mot. at 15-19.  Claimant theorizes that

although the factual basis for allegations of the complaint was permitted in the past to be

supplemented by an incorporated affidavit, "the use of an affidavit to satisfy the particularity

requirement of the Supplemental Rules is outdated and no longer in harmony with the Rules."

Mot. at 15, 19.  This claim is nothing more than an attempt to revive under Rule G(2)(f), with no

additional basis, the same argument that was rejected under former Rule E(2)(a).

Claimant's position is directly refuted by the Federal Rules of Civil Procedure, which

state that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof

for all purposes."  FED. R. CIV. P. 10(c).[4]  Moreover, the law governing civil forfeiture

procedure, as established under former Rule E(2) and carried forward in Rule G without change,

---

[4]This Rule applies to civil forfeiture cases because its subject matter is not addressed by
Rule G.  See Supplemental Rule G(1).

also directly refutes Claimant's contention.  For example, in <u>United States v. Parcels of Land</u>, the First Circuit flatly rejected the contention that "the factual particularity must be in the complaint *itself*."  903 F.2d 36, 48 (1st Cir. 1990).  Rather, the court found that "[w]hether the facts are contained in the complaint itself or in an attached affidavit would seem irrelevant."  <u>Id.</u> (citing <u>United States v. Premises of Real Property at 4492 South Livonia Rd.</u>, 889 F.2d 1258, 1266 (2d Cir. 1989) (explicitly rejecting particularity challenge and holding that affidavits filed with the complaint cured any lack of particularity in the complaint itself).  The courts of this Circuit likewise have recognized that this is entirely appropriate.  <u>See</u>, <u>e.g.</u>, <u>United States v. $49,000 in United States Currency and/or Coin</u>, 194 F. Supp. 2d 576 (E.D. Tex. 2001) (relying on incorporated affidavit to meet pleading requirements of former Rule E(2)(a)), <u>aff'd</u>, 330 F.3d 371 (5th Cir. 2003).

Despite Claimant's musings at length on the issue, there is absolutely nothing in CAFRA, Rule G, the Committee Notes on Rule G, or the applicable case law, to suggest that any legislative body, court, or rule-making authority intended either CAFRA or Rule G to change established law permitting the Government to attach an affidavit to a forfeiture complaint and to incorporate that affidavit into the complaint.  Further, Claimant does not cite any case, nor is the Government aware of any, to support the notion that the complaint part of the package must cover all of the law, and the affidavit part of the package must cover only "facts."  When a document is "incorporated" into another document it does not matter which part of the incorporated whole serves which purpose; after incorporation they constitute a unitary document for pleading purposes.  <u>Parcels of Land</u>, 903 F.2d at 48; <u>see</u> FED. R. CIV. P. 10(c).  Further still, rather than making a consistent argument, Claimant argues not only that the Government must

provide more information, but that it also somehow provided too much information by incorporating an affidavit.  See Mot. at 13-19.  Because the enactment of Rule G(2)(f) did not alter existing law, the Affidavit may properly be incorporated into the Complaint to satisfy the Rule's pleading requirements.

In addition, while Claimant alleges that there are inconsistencies between the Complaint and Affidavit, there are none of any legal significance.  The Complaint sets forth the relevant legal allegations.  The Affidavit, written in support of the Complaint, merely restates those allegations and then details the factual circumstances giving rise to them.  Although the Affidavit notes that the entirety of the defendant Partnership could be subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), the Complaint makes it clear that the Government is only seeking forfeiture of $10,170,149 of the defendant Partnership pursuant to 18 U.S.C. § 981(a)(1)(C).  See Compl. ¶ 7; Aff. ¶ 3.  In fact, the more conservative claim made by the Government in its Complaint based on the facts alleged in the Affidavit actually inures to Claimant's benefit and hardly can form the basis for a motion to dismiss the Complaint.  The Complaint, and not the Affidavit, sets forth the relevant legal allegations.  Indeed, although claiming confusion, Claimant correctly states that "[u]nder a proceeds theory, the government seeks forfeiture of . . . $10,170,149 of assets of the Investment Partnership."  Mot. at 8.

Finally, while Claimant correctly states that the allegations may be based on inadmissible evidence and that the evidence must be found at some point to be reliable, Claimant goes too far to state that the "minimum indicia of reliability are personal knowledge [of the affiant]."  Mot. at 20.  This is not a motion for summary judgment where supporting affidavits must be based on personal knowledge.  See FED. R. CIV. P. 56(e).  Pursuant to Rule G (and former Rule C) and

CAFRA, the Government is not required to set forth in the Complaint or Affidavit admissible evidence or statements based only on direct personal knowledge.  In any event, Agent Nunez, the affiant, sufficiently established his reliability, for present purposes, by stating that he was assigned to the Enron Task Force in January 2002, and that he directly participated in the investigation that disclosed the facts detailed in his Affidavit.  Aff. ¶ 1.  Thus, not only was the Affidavit properly incorporated to satisfy the pleading requirement of Rule G(2)(f), it is also sufficiently reliable.

> **D.** **The Complaint And Incorporated Affidavit Are Sufficiently Detailed To Support A Reasonable Belief That The Government Will Meet Its Burden Of Proof At Trial**

Claimant does not and cannot assert that the allegations of the Complaint fail to state a claim such that forfeiture would not result if proven at trial.  Nor can Claimant contend that the facts as alleged in the Affidavit fail to supply the requisite particularity.  Rather, the Government's pleadings absolutely satisfy the requirements of Rule G(2). The Complaint provides the requisite notice, and the incorporated Affidavit "present[s] the facts so that their correlation to the claims in the complaint is clear."  Mot. at 17.

The Government has alleged in its Complaint that the defendant properties are subject to civil forfeiture pursuant to 18 U.S.C. § 981.  Compl. ¶ 3.  Specifically, the Government alleges that $2,502,320 of the defendant Real Property, $10,170,149 of the defendant Partnership, and $22,680.14 in defendant Bank Account is subject to forfeiture pursuant to § 981(a)(1)(C).  Compl. ¶¶ 6B, 7, 8.  The Government has also alleged that defendant Real Property is subject to forfeiture pursuant to § 981(a)(1)(A), Compl. ¶ 6A; this theory of forfeiture, however, is discussed separately in Section II, infra.

As stated in the Complaint, § 981(a)(1)(C) authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified unlawful activity" (as defined in section 1956(c)(7)).  Compl. ¶ 3.  In order to meet its burden, the Government's pleadings must thus set forth a factual basis to support a reasonable belief that it will be able to prove at trial that defendant properties are subject to forfeiture as proceeds (property of any kind) obtained, directly or indirectly, as the result or commission of the offense giving rise to the forfeiture, namely fraud in the sale of securities in violation of 15 U.S.C. §§ 78j(b) and 78ff, wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to commit wire and securities fraud under 18 U.S.C. § 371, or property traceable thereto.  Compl. ¶¶ 6B, 7, 8; see 18 U.S.C. § 981(a)(2).

The Government is not required, as Claimant suggests, to set out in a civil forfeiture complaint a "detailed account of how . . . proceeds have been traced to defendant properties." Mot. at 15; see United States v. All Funds on Deposit at Dime Sav. Bank of Williamsburg Acct. No. 58-400738-1, 255 F. Supp. 2d 56 (E.D.N.Y 2003) (recognizing that complaint alleging facts showing money moving in and out of bank account sufficient to plead forfeiture under money laundering statute without setting forth tracing analysis).  Further, the Government does not have to tie the defendant property, alleged to be criminal proceeds, to any particular illegal transaction.  United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc) (in a civil forfeiture case based on drug trafficking, the Government does not have to show a relationship between the property and a particular transaction) (citation omitted); United States v. $21,000 in United States Postal Money Orders, 298 F. Supp. 2d 597, 601-02 (E.D. Mich. 2003) (under CAFRA, Government must prove by preponderance of evidence that money is

traceable to drug trafficking, but not to a specific drug transaction) (citation omitted).  Rather, the Government must only prove at trial that, more likely than not, the property is proceeds of one or more of the types of illegal conduct alleged as the basis for forfeiture.  Since this is all the Government has to prove at trial, its burden at the time of the Complaint is substantially less.  All the Government must allege in the Complaint is enough to support a reasonable belief that it will be able to meet this burden when the time comes.

The Complaint and supporting Affidavit do substantially more than that which is required under the law.  The Affidavit details the use of criminal proceeds in the payment of the mortgage on the defendant Real Property, as well as the millions of dollars in proceeds that Mr. Lay funneled into his family investment partnership.  Beginning with Section I of the Affidavit, Agent Nunez lays out, in significant detail, the conspiracy at Enron, Mr. Lay's proceeds from the conspiracy, the scheme to defraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and other factual circumstances laying the foundation for the allegations in the Complaint.  The Affidavit next describes how $95,113,717 in criminal proceeds were generated by Mr. Lay as a result of the conspiracy.  Aff. ¶¶ 46-54.  Lastly, the Affidavit traces the millions of dollars in proceeds to the defendant properties.  Aff. ¶¶ 55-66.

These facts, taken together, are more than sufficiently detailed "to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Supplemental Rule G(2)(f). To be sure, the Government has already proven that criminal proceeds were used in the purchase of the defendant Real Property, and is prepared to do so again.  With respect to the other properties, as is clear from the Affidavit, the Government has traced criminal proceeds into those properties.  Under the law, the Government is entitled to discovery to determine additional

facts with respect to those properties, including the nature and location of any transfers of proceeds out of those assets. As the pleadings are plainly sufficient and discovery is necessary to accumulate additional facts in connection with the Government's trial burden, Claimant's motion to dismiss should thus be denied.

II.    **THE GOVERNMENT'S PLEADINGS ARE SUFFICIENTLY DETAILED TO SUPPORT A REASONABLE BELIEF THAT DEFENDANT REAL PROPERTY IS FORFEITABLE IN ITS ENTIRETY AS PROPERTY "INVOLVED IN" 18 U.S.C. § 1957 MONEY LAUNDERING**

   A.    **Claimant Incorrectly States The Standard Under 18 U.S.C. § 1957**

While attacking the Government's ability to provide a reasonable basis to believe that the defendant Real Property was "involved in" Section 1957 money laundering, Claimant confuses the standard.

In addition to the proceeds theory alleged under § 981(a)(1)(C), the Government also has alleged in its Complaint that the defendant Real Property is subject to civil forfeiture in its entirety pursuant to 18 U.S.C. § 981(a)(1)(A), because it constitutes property "involved in" money laundering in violation of 18 U.S.C. § 1957.  Compl. ¶ 5; 6A.  It is a violation of Section 1957 to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity . . . ."  18 U.S.C. § 1957(a).

Contrary to Claimant's assertions, Section 1957 does not require any intent to conceal or disguise anything about the proceeds of specified unlawful activity.  Mot. at 23.  Simply spending, depositing or transferring the proceeds is sufficient, provided more than $10,000 is involved.  United States v. Curry, 461 F.3d 452, 457-58 (4th Cir. 2006) (spending); United States v. Johnson, 440 F.3d 1286, 1289 (11th Cir. 2006) (transferring); United States v.

<u>Caldwell</u>, 302 F.3d 399, 407 (5th Cir. 2002) (depositing).  Stated simply, Section 1957 is a

"money spending statute."  <u>United States v. Brown</u>, 186 F.3d 661, 670 (5th Cir. 1999)

(discussing that § 1956 is not a money spending statute, it is a money laundering statute that

requires specific intent; in contrast, § 1957 is a money spending statute).  The purpose of Section

1957 is thus to make the dirty money worthless, by making it a felony to spend it.  <u>See</u> <u>United</u>

<u>States v. Rutgard</u>, 116 F.3d 1270, 1291 (9th Cir. 1997) (§ 1957 is designed to freeze criminal

proceeds out of the banking system); <u>United States v. Allen</u>, 129 F.3d 1159, 1167 n.3 (10th Cir.

1997) (recognizing that § 1957 reaches conduct of wrongdoers who conduct transactions with

fruits of criminal acts).

Property "involved in" money laundering is also not limited to property that "facilitated"

laundering.  Mot. at 22-23.  Nor does Claimant's reliance on case law seeking forfeiture of

property "traceable as proceeds from an [illegal activity]" have bearing on whether the defendant

Real Property was "involved in" Section 1957 money laundering.  Mot. at 9, 24.  Where the

property itself represents the subject or object of the laundering transaction, it is forfeitable in its

entirety.  <u>United States v. Kennedy</u>, 201 F.3d 1324 (11th Cir. 2000) (equity defendant acquired

in purchasing a residence with proceeds is forfeitable as property involved in a section 1957

violation); <u>United States v. Four Contiguous Parcels</u>, 191 F.3d 461 (Table), 1999 WL 701914

(6th Cir. Sept. 1, 1999) (real property forfeitable in its entirety where defendant invested both

clean and tainted funds in purchase); <u>United States v. Reiner</u>, 397 F. Supp. 2d 101, 112 n.26 (D.

Me. 2005) (collecting cases holding that forfeiture in money laundering case includes the subject

matter of the offense, commissions, and facilitating property); <u>United States v. Real Property</u>

<u>Identified as Parcel 03179-005R</u>, 311 F. Supp. 2d 126 (D.D.C. 2004) (finding airplane forfeitable

-16-

as property involved in money laundering offense where defendant used proceeds to pay off lien); United States v. Real Property Known as 1700 Duncanville Road, 90 F. Supp. 2d 737, 741 (N.D. Tex. 2000) (real property forfeitable in its entirety where less than half of money used in purchase was tainted because purchase violated § 1957), aff'd, 250 F.3d 738 (5th Cir. 2001) (Table); United States v. Premises Known as 3 Jade Lane, 1995 WL 580072, at *9 (E.D. Pa. Sept. 28, 1995) (real property purchased in a transaction violating § 1957 forfeitable as property involved in offense); United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248, 252 (E.D. Va. 1993) (car forfeitable in entirety where payment is a section 1956 and 1957 financial transaction even if legitimate funds are used to make other payments).

Claimant mistakenly relies on concealment money laundering cases to argue against forfeiture of defendant Real Property under an "involved in" theory. See Mot. at 10; e.g., United States v. Tencer, 107 F.3d 1120 (5th Cir. 1997). Nothing cited by Claimant changes the rule, however, that where a parcel of real estate is purchased via a money laundering transaction that violates Section 1957, the entire property is forfeitable as property "involved in" such a transaction. Further, cases in which the Government did not specifically charge the purchase of the property as the money laundering offense simply have no value for present purposes. See, e.g., United States v. Loe, 49 F. Supp. 2d 514 (E.D. Tex. 1999) (where Government relied on property traceable to property involved in money laundering, rather than direct involvement in the laundering transaction). Suggestions to view these cases as significant in the present context only obscure the relative simplicity of the "involved in" theory of forfeiture as the above-cited cases indicate.

-17-

It is thus simply not accurate to argue that if "Kenneth Lay used potentially commingled funds to make a mortgage payment of $2,502,320," the defendant Real Property is not forfeitable in its entirety. Mot. at 23. As is clear from the case law, when the property is "involved in" the money laundering transaction, the property is the subject of forfeiture; whether the offense was committed with commingled funds is irrelevant. For instance, the 1700 Duncanville Road Court confronted a similar situation. There, defendant deposited $452,000 in fraud proceeds and other funds into a bank account, and moved $133,000 from that account into another, where it was commingled with additional untainted money. 90 F. Supp. 2d at 739-740. The defendant then used $144,000 of these commingled funds to make the down payment on the property subject to forfeiture while paying the balance of the purchase price with money from an unknown source. Id. The court ruled that, "[s]ince the purchase of the subject properties was itself a money laundering transaction under section 1957, it is immaterial that claimants might have also used untainted funds for its purchase." Id. at 741 (citations omitted). In any event, Claimant's argument in this respect is one of proof rather than pleading, and the fact that the Government has already once proven at trial that tainted funds were used in the purchase of defendant Real Property puts the lie to any assertion that it somehow would not be possible again.

**B.     The Government's Allegations Are Sufficiently Detailed And Support A Reasonable Belief That It Will Meet Its Burden Of Proof At Trial**

As with the other claims, the Government is not required, at this early stage, "to prove its case simply to get into the courthouse door." 5208 Los Franciscos Way, 385 F.3d at 1193; see also Lopez-Burgos, 435 F.3d at 2-3 (explaining that although CAFRA raised the Government's burden at trial, it relaxed the pleading requirements). At trial, the Government will have to prove, by a preponderance of the evidence, that defendant Real Property was "involved in"

Section 1957 money laundering.  18 U.S.C. § 983(c)(1).  This requires the Government to prove, at trial, the defendant Real Property's "substantial connection" to the offense.  18 U.S.C. § 983(c)(3).  The Government does not, however, have to demonstrate the "substantial connection" now.  All that is currently required of the Government is to state sufficiently detailed facts to support a reasonable belief that it will be able to meet this burden at trial.  Supplemental Rule G(2)(f); <u>United States v. $49,000 Currency</u>, 330 F.3d 371, 376 n.8 (5th Cir. 2003) (citing <u>United States v. Mondragon</u>, 313 F.3d 862, 865 (4th Cir. 2002)).

      The Government's pleadings meet the necessary requirements.  The Complaint alleges that the "defendant Real Property is property involved in money laundering offenses, namely a transaction or transactions, or attempted transactions, of proceeds derived from specified unlawful activity in excess of $10,000, or any property traceable to such property."  Compl. ¶ 6A.  Agent Nunez's affidavit then sets out facts supporting a reasonable belief that the Government will be able to prove defendant Real Property's involvement in/substantial connection to Section 1957 money laundering at trial.

      The Affidavit details Mr. Lay's alleged involvement in a wide-ranging scheme to defraud between the first quarter 2001 and December 2001.  Aff. ¶ 16.  As an alleged participant in this scheme, Mr. Lay manipulated Enron's publicly reported financial results and provided false and misleading representations to the investing public, Enron shareholders, the SEC, and others about Enron's true financial performance.  Aff. ¶ 8, 16.  The misleading portrayal of Enron's financial condition supported Enron's stock price and its credit rating.  Aff. ¶ 17.  This in turn allowed Enron to "maintain and investment grade rating for its debt," which was essential "to maintain sufficient lines of credit with major banks."  Aff. ¶ 7.

-19-

Further, the Affidavit alleges that during this criminal conspiracy, Mr. Lay personally "generated approximately $95,113,717 in criminal proceeds from trading Enron stock, manipulating his Enron line of credit, and receiving an incentive bonus." Aff. ¶ 46. Mr. Lay's manipulation of his Enron line of credit allegedly accounted for $66,025,000 of the total proceeds. Aff. ¶ 46. The Affidavit further details how Mr. Lay would pay down his Enron line of credit with proceeds from Enron stock he would sell back to the company, and would then draw additional funds on that line of credit. Aff. ¶ 49.

Mr. Lay used the vast majority of his criminal proceeds in connection with his lines of credit, dissipating most of the proceeds in ways that can no longer be traced into particular assets. Aff. ¶ 55. But large amounts are traceable into the defendant properties in this case. Defendant Real Property represents property "involved in" money laundering, because, "[d]uring the conspiracy, approximately $2,502,320 in proceeds were used as payments in satisfaction of a mortgage on Lay's condominium." Id. Those proceeds are directly traceable to unpaid advances on Mr. Lay's Enron line of credit. Paragraphs 56 through 59 of the Affidavit go on to detail the precise movement of money from Mr. Lay's line of credit to the mortgage payment.

The Affidavit alleges that from November 1, 2001, to November 27, 2001, Mr. Lay drew $2,525,000 from his Enron line of credit and deposited specific amounts into two enumerated bank accounts. Aff. ¶¶ 56-57. On December 6, 2001, Mr. Lay "withdrew funds from his Bank of America account No. 0026-6253-0707 in the amount of $977,320.00 payable to Bank of America. This money was used to help pay off a mortgage on Lay's 2121 Kirby Drive condominium." Aff. ¶ 58. "The entirety of this mortgage payment represents criminal proceeds because it originated from unpaid advances on Lay's Enron line of credit." Aff. ¶ 58. On

December 7, 2001, the remainder of the mortgage was paid when Mr. Lay "withdrew funds from Southwest Bank of Texas Account No. 5569133 in the form of a cashier's check in the amount of $4.36 million payable to Bank of America." Aff. ¶ 59. "Of that check, $1,525,000.00 represented criminal proceeds from unpaid advances from Lay's Enron line of credit." Aff. ¶ 59. These amounts easily satisfy the more than $10,000 standard in Section 1957.

The Government's burden at the pleading stage is merely to state sufficiently detailed facts to support a reasonable belief that it will be able to prove the defendant Real Property's involvement in/substantial connection to Section 1957 money laundering. Supplemental Rule G(2)(f); 18 U.S.C. §§ 981(a)(1)(A), 983(a)(3)(D). As the Government's pleadings meet this requirement, Claimant's motion to dismiss should be denied.

## III.  THE ABATEMENT DOCTRINE HAS NO RELEVANCE TO THIS CIVIL FORFEITURE ACTION

Claimant argues that pursuant to the Fifth Circuit's Abatement Order, see Mot., Exhibit 1, "the government may not rely upon facts alleged in the expunged Indictment to provide support for the charges made in the Complaint or Affidavit." Mot. at 21. This, however, seeks to disregard the underlying facts. Mr. Lay's death may have abated his conviction, but it did not alter the past. Indeed, it did nothing to vitiate the fraud at Enron, or the Government's investigation of that fraud. To the extent the Affidavit repeats facts alleged in the now-abated criminal indictment of Mr. Lay, such reliance is not improper. The Affidavit provides an independent basis for the facts of the criminal conspiracy as also alleged in the criminal indictment

Mr. Lay's death resulted in nothing more than the dismissal of his conviction. It did nothing to change the underlying facts. See Abatement Order at 2. Indeed, "[m]erely because

-21-

the *criminal* proceeding abates, [this] does not necessarily mean that an individual who suffered a loss cannot obtain reimbursement in *civil* court." United States v. Estate of Parsons, 367 F.3d 409, 416 n.17 (5th Cir. 2004) (emphasis in original). Thus, while the Government may not use an abated conviction for purposes of estopping the Claimant from denying certain factual matters in a subsequent civil case, id. at 417, nothing prevents the Government from re-alleging the same, and additional, facts in its civil forfeiture action, which it must then prove at trial by a preponderance of the evidence. See United States v. Schumann, 861 F.2d 1234, 1236 (11th Cir. 1988) (recognizing that where criminal conviction abated, issues of material fact exist in civil case). This is what the Government has done in this case.

The focus of an *in rem* civil forfeiture is not the determination of the guilt or punishment of any person but to assess the "guilt," or nexus to criminal activity, of the defendant property. United States v. $84,740.00 Currency, 981 F.2d 1110, 1115 (9th Cir. 1992) ("[T]he abatement doctrine protects the criminal defendant, it does not apply when the action involves civil forfeiture of the claimant's property."). The Abatement Order dismissed all charges; it did not, however, change the underlying facts, which still may be alleged in a civil complaint and proven at trial. In connection with its Complaint and supporting Affidavit, the Government is entitled to include such relevant facts: a lengthy investigation took place; the investigation uncovered certain criminal activity that provides the basis for forfeiting the defendant properties; at the conclusion of the investigation, various facts and proposed charges were presented to a grand jury; and the grand jury found probable cause to support criminal charges and attendant forfeiture allegations.

-22-

The Government is hardly "eager to impress upon the court" that Mr. Lay's now-abated conviction somehow "relieves it of its burden to plead the elements of the present civil forfeiture action," Mot. at 21, and to prove them at trial by a preponderance of the evidence. It is quite one thing to treat the criminal proceedings as if they never existed, and another entirely to ignore facts learned during the Government's investigation. The abatement doctrine does not go so far as to rewrite history, and the Complaint alleges facts patently sufficient to withstand the Motion.

## <u>CONCLUSION</u>

For the reasons explained above, Claimant's Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

STEVEN A. TYRRELL
Chief, Fraud Section


By: _____/S/_____
PATRICK T. MURPHY
Trial Attorney
U.S. Department of Justice
10th St. & Constitution Ave., N.W.
Criminal Division
Asset Forfeiture and
  Money Laundering Section
Bond Building
Washington, D.C. 20530
Telephone: (202) 514-1263
Facsimile:  (202) 616-2547

June 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2007, a true and correct copy of the foregoing Opposition to Claimant's Motion to Dismiss was delivered by electronic delivery to the following registered ECF users appearing in the case:

> David R. Jones
> Porter & Hedges, LLP
> 1000 Main Street, 36 Floor
> Houston, TX 77002
> Phone: (713) 226-6000
> Fax: (713) 228-1331
> djones@porterhedges.com
>
> Samuel J. Buffone
> Ropes & Gray, LLP
> One Metro Center
> 700 12th Street, N.W., Suite 900
> Washington, D.C. 20005
> Phone: (202) 508-4657
> Fax: (202) 508-4650
> samuel.buffone@ropesgray.com


_____/S/_____
Patrick T. Murphy